# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

**March 3, 2017**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**FRANK A. POTENZINI,**
**Claimant Below, Petitioner**

**vs.)    No. 15-1125** (BOR Appeal No. 2050442)
(Claim No. 2012009418)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**RG STEEL WHEELING, LLC,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Frank A. Potenzini, by Patrick K. Maroney, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of Insurance Commissioner, by Brandolyn N. Felton-Ernest, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 26, 2015, in which the Board affirmed an April 7, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 4, 2014, decision which denied a request to reopen the claim for permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Potenzini, a janitor, injured his lower back in the course of his employment on August 25, 2011, while lifting a heavy garbage bag. The claim was held compensable for lumbar sprain. Mr. Potenzini requested that diverticulitis, peritonitis, and lumbar disc disease with radiculopathy be added to the claim. However, the request was denied by the claims administrator and the decision was eventually affirmed by this Court. *See Potenzini v. West Virginia Office of Insurance Commissioner*, No. 14-0620 (Mar. 27, 2015) (memorandum decision).

Mr. Potenzini has undergone several diagnostic tests on his lumbar spine. Prior to the compensable injury, in December of 2008, a lumbar MRI showed various degrees of spinal canal and foraminal stenosis from L1-S1. X-rays of the lumbar spine and pelvis taken on August 31, 2011, days after the compensable injury, showed mild degenerative spondylotic changes in the lumbar spine and mild degenerative changes in both hips. A lumbar MRI taken on September 16, 2011, revealed multilevel spinal stenosis secondary to multilevel disc bulging and facet hypertrophy. A CT performed on October 6, 2011, showed mild diffuse degenerative changes and central canal stenosis at L4-5. On October 13, 2011, an MRI revealed mild degenerative changes of endplate and moderate facet joint arthrosis at multiples levels. It also revealed L4-5 moderate degenerative canal spinal stenosis.

Sushil Sethi, M.D., performed an independent medical evaluation on December 2, 2013, in which Mr. Potenzini reported occasional pain on the left side of his back with no radiation into the legs. Dr. Sethi concluded that he had a history of diverticulitis as far back as 2004, well before the compensable injury occurred. He diagnosed a lumbar sprain, which should have resolved in three to four days. On examination, Mr. Potenzini had recovered and could return to work with no restrictions. Dr. Sethi assessed 5% impairment. The claims administrator granted Mr. Potenzini a 6% permanent partial disability award on March 6, 2014.

Bruce Guberman, M.D., performed an independent medical evaluation on April 24, 2014, in which he assessed 17% lumbar spine impairment. He placed Mr. Potenzini in Category III of West Virginia Code of State Rules § 85-20-C (2006) because he found left-sided L5 radiculopathy, for which Mr. Potenzini was entitled to 13% impairment. For ruptured diverticulitis, Dr. Guberman assessed 17% impairment. He also found 5% impairment for a hernia. His total assessment was 31% whole person impairment.

On September 4, 2014, the claims administrator denied a request to reopen the claim on a permanent partial disability basis. The Office of Judges affirmed the decision in its April 7, 2015, Order. It found that Mr. Potenzini had both significant abdominal problems and significant back pain after the compensable injury. However, per the March 27, 2015, memorandum decision of this Court, diverticulitis, peritonitis, and lumbar disc disease with radiculopathy are not compensable conditions in this claim. Mr. Potenzini was granted 6% permanent partial disability for the compensable condition of lumbar sprain. The Office of Judges concluded that Dr. Guberman's report was based entirely upon non-compensable conditions. His lumbar spine impairment was based upon the finding of radiculopathy which is not compensable. The remainder of his recommendation was based on abdominal diagnoses which are also not compensable. The Office of Judges therefore concluded that there was no evidence to show an

2

aggravation or progression in Mr. Potenzini's permanent partial disability which would require a reopening for an additional award. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on October 26, 2015.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Guberman's evaluation was based entirely on non-compensable conditions. His permanent partial disability recommendation is therefore unreliable. There is no reliable evidence in the record that Mr. Potenzini is entitled to more than the 6% permanent partial disability award he has already received.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker